An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS EDWARD O'DONNELL A/K/A THOMAS BRADFORD A/K/A THOMAS BRADFORD; CHARLIE NAGEL O'DONNELL A/K/A THOMAS WHITE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65386

FILED

SEP 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malire
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from orders of the district court denying a motion to modify sentence and a "motion to allow credit for jail time served."[1] Eighth Judicial District Court, Clark County; David B. Barker, Judge.

*Motion to modify sentence*

In his motion filed on November 8, 2013, appellant first claimed that the district court improperly relied upon errors contained in the presentence investigation report when imposing sentence. Appellant failed to demonstrate that the district court relied on mistaken assumptions regarding his criminal record that worked to his extreme detriment. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Appellant informed the district court of the alleged errors at the sentencing hearing and the district court considered appellant's

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31012

arguments regarding his criminal history when it sentenced appellant. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that his sentence should be modified due to his medical problems and so that he can earn money to pay restitution to the victims. Appellant also claimed that the State misinformed the district court regarding appellant's military record and about the instant offense. In addition, appellant asserted that he was entitled to additional presentence credits. These claims fell outside the narrow scope of claims permissible in a motion to modify sentence. *See id.* Therefore, we conclude that the district court did not err in denying the motion.

*Motion to allow credit for jail time served*

In appellant's motion filed on November 8, 2013, appellant first claimed that he was entitled to additional credit for time spent in a Florida state prison. A claim for additional credits must be raised in a post-conviction petition for a writ of habeas corpus filed in compliance with the procedural requirements of NRS Chapter 34 and therefore, it was proper to construe the motion as a post-conviction petition. *See* NRS 34.724(2)(b).

Appellant was sentenced to serve his Nevada sentence consecutive to a pending Florida sentence. Following appellant's conviction in Nevada, he was transferred to Florida to finish serving the Florida sentence. In his motion, appellant claimed that he would have been permitted by Florida officials to serve his Florida sentence in a domiciliary program or in a work release program if not for the hold Nevada had placed on him pending completion of his Florida sentence. Appellant asserted that, as his pending Nevada sentence altered his custody status in Florida, he was entitled to additional credits against his Nevada sentence. Appellant's claim was without merit. Appellant was

not entitled to any additional Nevada credits for his time spent in confinement for his Florida convictions. *See* NRS 176.055(2). Therefore, the district court did not err in denying this claim.

Next, appellant claimed that the Nevada Department of Corrections improperly denied him the opportunity to earn work credits or education credits due to his poor health. Appellant had no right to employment while in prison. *See* NRS 209.461(1); *Collins v. Palczewski*, 841 F. Supp. 333, 336-37 (D. Nev. 1993) (recognizing that a prisoner has no independent constitutional right to employment and that the Nevada statutes do not mandate employment). Appellant also did not have a right to education while in prison. *See* NRS 209.387; NRS 209.389(4). Therefore, appellant cannot demonstrate that lack of employment or education and the resulting lack of opportunity to earn statutory credits violated any protected right. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                                      Cherry

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

 

cc:    Hon. David B. Barker, District Judge
Thomas Edward O'Donnell
Attorney General/Las Vegas
Eighth District Court Clerk